**Haja TUNKARA, Petitioner,**

v.

**Michael B. MUKASEY, United States**

**74**

Attorney General,[1] Respondent.

No. 07–3374–ag.

United States Court of Appeals, Second Circuit.

April 11, 2008.

Romben Aquino, Ferro & Cuccia, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Haja Tunkara, a native and citizen of Gambia, seeks review of a July 11, 2007 order of the BIA affirming IJ Sandy K. Hom's September 12, 2006 decision denying her August 2006 motion to reopen her removal proceedings. *In re Tunkara*, No. A72 797 858 (B.I.A. July 11, 2007), *aff'g* No. A72 797 858 (Immig. Ct. N.Y. City Sept. 12, 2006). We assume the parties'

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one and supplements the IJ's decision, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA," and as supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ The agency properly denied Tunkara's August 2006 motion to reopen as untimely and number barred where it was filed a decade after the final order of removal was issued in her case and was her third motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(iii); 8 C.F.R. § 1003.23(b)(4)(ii) (an alien ordered removed *in absentia* may only file one motion to reopen and it must be within 180 days of the final administrative decision). Moreover, the agency did not abuse its discretion in finding that Tunkara failed to present material evidence of "changed circumstances arising in the country of nationality" in order to satisfy the exception to this bar. 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA appropriately noted that nothing in the record indicated that conditions have changed in Gambia. Additionally, the BIA did not abuse its discretion in finding that the birth of Tunkara's children

did not excuse the untimely and number barred filing where this Court has explicitly rejected the argument that changed personal circumstances in the United States constitute "changed circumstances arising in the country of nationality." *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the arrival of petitioner's wife in the United States and her pregnancy did not constitute changed country conditions in the petitioner's country of nationality).

■ Additionally, the BIA did not abuse its discretion in finding that, even assuming personal circumstances were a basis for a motion to reopen, Tunkara failed to establish a significant change in personal circumstances based on the births of her daughters where she already had two daughters at the time she filed her asylum application. Tunkara has never argued or demonstrated how the birth of additional daughters would alter her eligibility for asylum where she claims to fear that all of her daughters would be subject to female genital mutilation if they were to return to Gambia.

This Court lacks jurisdiction to review the BIA's decision not to reopen Tunkara's case *sua sponte,* because such a decision is "entirely discretionary." *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.